UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Case No. 1:12-CR-92 |
| | ) | Mattice/Carter |
| RANDY PARKS SWEENEY | ) | |

REPORT AND RECOMMENDATION

I. Introduction

Defendant Randy Parks Sweeny moves to suppress evidence found in his residence on or about February 8, 2012 [Doc. 17]. Defendant asserts the information in the affidavit used to obtain the search warrant for his residence was too stale to properly support probable cause under the Fourth Amendment. Because the undersigned finds that images of pornography are not "consumed" in the same manner as are catches of illegal drugs, the undersigned concludes the information in the search warrant, which might be several months old, was not "stale" for purposes of establishing probable cause to believe evidence of child pornography would be found in defendant's residence. Accordingly, it is RECOMMENDED defendant's motion to suppress be DENIED.

II. Relevant Facts

On February 8, 2012, Detective Josh Creel of the East Ridge, Tennessee Police Department obtained a search warrant from a General Sessions Judge of Hamilton County, Tennessee to search defendant's residence in East Ridge for electronic forms of child pornography. In support of his application for a search warrant, Det. Creel submitted his affidavit which alleged, *inter alia*, the following: on December 27, 2011, Det. Tammy Davis of the Fort Oglethorpe, Georgia Police Department prepared a report detailing sexually explicit

1

messages exchanged between the defendant and a 13 year old girl on Facebook. Defendant requested in these messages that the child perform sexual acts and send nude photos via email. These messages were preserved on a flash drive by the reporting officer as evidence. The Facebook account responsible for sending such messages had a user name of Randy Sweeney, and a photograph of Randy Sweeney on this same Facebook account matches the driver's license photo of the defendant. Det. Creel further states in his affidavit that,

> My training and experience, as well as the current literature substantiates that information collected via computer transaction, even if deleted by the individual user, usually remains stored in some manner on that computer. This same experience, training and literature substantiates that individuals collecting and/or exchanging this type of information, whether it be digital images or other pornographic materials, tend to retain this information for long periods of time, treating these items much like other collectibles.

(Det. Creel's Affidavit at &7, Doc. 19-1, Page ID # 51).

The search warrant was executed on February 8, 2012, the same date it was issued, and numerous items were seized including firearms and ammunition, cell phones, electronic media storage, and computers.

### III. Analysis

"In reviewing a state magistrate's determination of probable cause, this Court pays 'great deference' to a magistrate's findings, which 'should not be set aside unless arbitrarily exercised.'" *United States v. Leake*, 998 F.2d 1359, 1363 (6th Cir. 1993) (quoting *United States v. Pelham*, 801 F.2d 875, 877 (6th Cir. 1986) (citing *Illinois v. Gates*, 462 U.S. 213, 236 (1983))). A warrant must be upheld "so long as the magistrate had a substantial basis for . . . conclud[ing] that a search would uncover evidence of wrongdoing..." *United States v. Smith*, 182 F.3d 473, 477 (6th Cir. 1999) (quoting *Illinois v. Gates*, 462 U.S. 213, 236 (1983)).

"Probable cause for the issuance of a search warrant is defined in terms of whether the affidavit sets out facts and circumstances which indicate a 'fair probability that evidence of a

crime will be located on the premises of the proposed search.'" *United States v. Finch*, 998 F.3d 349, 352 (6th Cir. 1993) (quoting *United States v. Bowling*, 900 F.2d 926, 930 (6th Cir 1990).

The Supreme Court in *Illinois v. Gates*, 462 U.S. 213 (1983) adopted a "totality of the circumstances" test for determining whether an affidavit establishes probable cause for the issuance of a warrant. *Id*. at 230. The Sixth Circuit in *United States v. Shamaeizadeh*, 80 F.3d 1131, 1136 (6th Cir. 1996) described the application of the *Gates* test:

> In applying its "totality of the circumstances" test, the *Gates* court identified three factors in determining whether probable cause existed: 1) the basis of the informant's knowledge; 2) the reliability of the informant; and 3) the corroborative evidence presented by the government. *Gates*, 462 U.S. at 230-32, 245, 103 S.Ct. at 2328-29, 2335-36; *Leake*, 998 F.2d at 1363. The *Gates* court noted that these factors are not to be analyzed as "separate and independent requirements to be rigidly exacted in every case." *Gates*, 462 U.S. at 230, 103 S.Ct. at 2328. Rather, the reviewing court is to weigh them together in determining whether they form a substantial basis for finding probable cause. *Id.* The strength of one or more of these factors may compensate for the deficiencies of another factor. *Gates*, 462 U.S. at 233-34, 103 S.Ct. at 2329-30.

(Internal footnote omitted)*, see also United States v. Smith*, 182 F.3d 473, 477 (6th Cir. 1999).

In his original motion to suppress, defendant does not challenge the search warrant on the ground that the information contained in the affidavit, if reasonably current, is not sufficient to support probable cause. Rather, in his original motion to suppress, defendant's sole basis for challenging the search warrant is an assertion that the information in Det. Creel's affidavit is too stale to support a fair probability of finding child pornography in defendant's residence on February 8, 2012. Defendant is correct that the affidavit does not specify when the incriminating messages were sent between defendant and the child on Facebook, although it is clear that local police received information about the messages on December 27, 2011.

Whether the information contained in an affidavit is stale must be determined by the circumstances of each case. *United States v. Spikes*, 158 F.3d 913, 923 (6th Cir. 1998). While

"the length of time between events listed in the affidavit and the application for the search warrant ... is clearly salient, [it] is not controlling." *Id.* The Sixth Circuit in *Spikes* further advised:

> As this court recognized in *United States v. Henson*, "[t]he function of a staleness test in the search warrant context is not to create an arbitrary time limitation within which discovered facts must be presented to a magistrate." 848 F.2d 1374, 1382 (6th Cir.1988). Rather, the question of staleness depends on the "inherent nature of the crime." *Id.* Instead of measuring staleness solely by counting the days on a calendar, courts must also concern themselves with the following variables: "the character of the crime (chance encounter in the night or regenerating conspiracy?), the criminal (nomadic or entrenched?), the thing to be seized (perishable and easily transferable or of enduring utility to its holder?), the place to be searched (mere criminal forum of convenience or secure operational base?), etc. " *Andresen v. State*, 24 Md.App. 128, 331 A.2d 78, 106 (1975). As these variables demonstrate, even if a significant period has elapsed since a defendant's last reported criminal activity, it is still possible that, depending upon the nature of the crime, a magistrate may properly infer that evidence of wrongdoing is still to be found on the premises. *See United States v. Greany*, 929 F.2d 523, 525 (9th Cir.1991) (holding information not stale even though an informant said that two years ago he had remodeled defendant's premises to allow him to grow marijuana on the second floor, with the court emphasizing that the information showed "an ongoing criminal business of a necessarily long-term nature"); *see also United States v. Johnson*, 461 F.2d 285, 287 (10th Cir.1972) (stating the general principle that when "the affidavit properly recites facts indicating activity of a protracted and continuous nature, a course of conduct, the passage of time becomes less significant").

*Spikes*, 158 F.3d at 923-24.

In the instant case, police received on December 27, 2011, a report of sexual exploitation of a minor. The specific allegations were that the defendant was soliciting nude photographs of a minor engaged in sexual conduct via defendant's Facebook account. Corroborating evidence of these allegations was obtained in the form of digital copies of defendant's messages on a flashdrive. It is a rationale deduction that if one solicits nude photographs from a child, there is a fair probability that he may have nude photographs of that child or of other children.

Nevertheless, defendant argues that the information obtained by police could have been "months" old thereby rendering it too stale to support a finding of probable cause. In support of his position, the defendant cites to cases involving the sale of illegal drugs, substances which, by their inherent nature, are consumed and then gone. On the other hand, Det. Creel stated in his affidavit that, based on his experience and training, he knows that persons who possess child pornography generally retain these images as though they were valued collectibles. Once images of child pornography are placed on a computer, they can remain indefinitely for repeated viewings. Furthermore, Det. Creel stated in his affidavit that even if those images are "deleted" on a computer, a trained forensics expert can often find the "deleted" images on a computer's hard drive. The undersigned concludes the affidavit demonstrated there was a fair probability that electronic forms of child pornography would be found in defendant's residence on February 8, 2012.

<u>Defendant's Supplement Filed on January 31, 2013 (Doc. 21)</u>

On January 31, 2013, defendant filed a supplement to his motion to suppress which raised for the first time certain grounds for suppression of the evidence found in his residence on February 8, 2012. To be clear, these were grounds which were not raised in the original motion to suppress; they were raised *after* the government filed its response, in what is, in effect, a reply to the government's response to his motion to suppress. Accordingly, the undersigned will not consider these new grounds in conjunction with the original motion to suppress because they have been improperly raised. *Paul v. Henri-Line Mach. Tools, Inc.*, 2012 WL 6642494 *6 (E.D. Mich. Dec. 20, 2012) ("A reply is not the proper place to raise an argument for the first time"); *accord*, *Scottsdale Ins. Co. v. Flowers,* 513 F.3d 546, 553 (6th Cir.2008) (issues raised for first time in reply brief are waived); *Martinez v. Comm'r of Social Sec.,* No. 09–13700, 2011 WL

1233479, at *2 n. 1 (E.D. Mich. Mar.30, 2011) ("[T]he new arguments that [the plaintiff] raised for the first time in the reply brief were correctly disregarded by the magistrate judge.")

The undersigned notes that the deadline for filing a motion in this case was November 20, 2012. If defendant intends to file a second motion to suppress raising the same grounds for suppression that he did in his supplement/reply brief on January 31, 2013, defendant should first file a motion for an extension of the motion deadline and be prepared to explain why he could not raise those grounds until more than two months after the November 20, 2012 deadline. Further, if defendant is permitted to file a second motion to suppress evidence, his motion should be clear as to the basis for suppression for each item of evidence found in defendant's residence. In addition, his attention is invited to *Franks v. Delaware*, 438 U.S. 154, 155-56 (1978) and *United States v. Graham*, 275 F.3d 490, 506 (6th Cir. 2001).

## IV. Conclusion

For the reasons stated herein, it is RECOMMENDED[1] defendant's Motion to Suppress (Doc. 17) be DENIED.

S /William B. Mitchell Carter
UNITED STATES MAGISTRATE JUDGE

---

[1] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 59(b)(2) of the Federal Rules of Criminal Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 88 L.Ed.2d 435, 106 S.Ct. 466 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive or general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).