UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Case No. 1:12-cr-92 |
| v. | ) | |
| | ) | Judge Mattice |
| RANDY PARKS SWEENEY, | ) | Magistrate Judge Carter |
| | ) | |

## ORDER

On November 20, 2012, Defendant Randy Sweeney filed his Motion to Suppress (Doc. 17), which was referred to Magistrate Judge William B. M. Carter (Doc. 18) for the preparation of a Report and Recommendation ("R&R"). Magistrate Judge Carter issued his R&R (Doc. 22), in which he recommended that Defendant's Motion be denied. Defendant timely filed objections to Magistrate Judge Lee's R&R (Doc. 23), and the Government has now responded to his objections (Doc. 27).

The Court has reviewed the entire record, and for the reasons described below, the Court will **OVERRULE** Defendant's Objections to the R&R, **ACCEPT** and **ADOPT** Magistrate Judge Carter's R&R, and **DENY** Defendant's Motion to Suppress.

### I. BACKGROUND

The Magistrate Judge accurately summarized the pertinent facts, and the Court need not here repeat them in full. (*See* Doc. 22 at 1-2). As explained below, the sole issue presently before the Court is whether the affidavit upon which the state magistrate issued the search warrant supports a finding of probable cause. That affidavit stated, among other things:

> Officer Tammy Davis of the Fort Oglethorpe Police Department generated a report . . . [that] detailed sexually explicit messages exchanged between . . . Randy P Sweeney (49 years of age) and the 13 year old minor victim. The messages, exchanged via Facebook, requested sexual acts be

> performed by the child, and that the child send nude photographs via email. These messages were preserved by the reporting officer on a flash drive as evidence.
>
> . . .
>
> My training and experience, as well as the current literature substantiates that information collected via computer transaction, even if deleted by the individual user, usually remains stored in some manner on that computer. This same experience, training and literature substantiates that individuals collecting and/or exchanging this type of information, whether it be digital images or other pornographic materials, tend to retain this information for long periods of time, treating these items much like other valuable collectibles.

(Doc. 19-1 at 5).

On July 24, 2012, Defendant was indicted by the Grand Jury. (Doc. 1). On November 20, 2012, Defendant filed his Motion to Suppress. (Doc. 17). Defendant raised one issue in his Motion – the staleness of the affidavit supporting the warrant: "The affidavit contains no date of the alleged criminal activity. As a result, the affidavit in support of the search warrant contained information too stale to support probable cause to search [Defendant]'s residence." (*Id.* at 2).

At some point prior to entry of the R&R, Magistrate Judge Carter's staff contacted both parties via e-mail. The e-mail requested that the parties, particularly Defendant, file a supplement to the Motion to Suppress that explained generally what should be suppressed and where it was found. The e-mail advised that Magistrate Judge Carter could not make assumptions as to what Defendant sought to have suppressed when crafting his R&R.

Defendant filed a supplement. (Doc. 21). In it, he raised new arguments. Specifically, he asserted that the allegations in the affidavit were insufficient to support a finding of probable cause as to the crimes specified in the search warrant.

2

## II. ANALYSIS

When reviewing objections to a Report and Recommendation, the Court must conduct a *de novo* review of those portions of the R&R to which objection is made, and it may accept, reject, or modify, in whole or in part, the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1)(C).

In reviewing a state magistrate's decision to issue a warrant, the Court must accord the magistrate's determination "great deference." *United States v. Allen*, 211 F.3d 970, 973 (6th Cir. 2000). "When determining whether an affidavit established probable cause, [the Court] look[s] only to the four corners of the affidavit; information known to the officer but not conveyed to the magistrate is irrelevant." *United States v. Brooks*, 594 F.3d 488, 492 (2010).

To establish probable cause adequate to justify issuance of a search warrant, the governmental entity or agent seeking the warrant must submit to the magistrate an affidavit that establishes "a fair probability that contraband or evidence of a crime will be found in a particular place." *Id.* (quotation omitted). Whether the affidavit does, in fact, give rise to this fair probability depends "on the totality of the circumstances." *Id.* (quotation omitted). Probable cause is a "practical, non-technical conception that deals with the factual and practical considerations of everyday life." *Id.* (quotation omitted).

In seeking to establish probable cause, an affidavit may not employ "stale" information. *Id.* Whether information is stale will depend on the "inherent nature of the crime." *Id.* (quotation omitted). This determination turns on several factors, such as: "the character of the crime (chance encounter in the night or regenerating conspiracy?), the criminal (nomadic or entrenched?), the thing to be seized (perishable and easily transferable or of enduring utility to its holder?), [and] the place to be

searched (mere criminal forum of convenience or secure operational base?)." *Id.* (quotation omitted).

At the outset, the Court notes that the sole issue now before it is the only one raised in Defendant's Motion to Suppress: whether the information in the affidavit on which the warrant was based was stale.

While Defendant maintains that the facts in the affidavit should be treated similarly to facts alleging unlawful drug possession (i.e., information that goes stale rather quickly), the Court finds this position unpersuasive. Information regarding drugs goes stale quickly "because drugs are usually sold and consumed in a prompt fashion." *United States v. Frechette*, 583 F.3d 374, 378 (6th Cir. 2009). Conversely, a digital image of child pornography is not depleted after one use, and it bears no expiration date. More to the point, the attesting officer clearly stated in his affidavit that individuals who collect images of child pornography will either deliberately or inadvertently keep the images on their computer for extended periods of time. Further, given the affidavit's representation concerning the dialogue between Defendant and the victim, as well as the ongoing relationship between the victim and Defendant's acquaintance, it does not appear that the alleged solicitation of unlawful material was a mere "chance encounter" that was unlikely to be repeated. Thus, the Court concludes that the affidavit did not employ stale information, and it will overrule Defendant's objections in that regard.

Defendant asserts that the argument he raised in his supplement should be considered, but the Court disagrees. The Magistrate Judge's instructions concerning the supplement were narrowly defined and clear: specify the items you seek to suppress and where they were found. This is not an instruction to craft and submit new arguments,

4

nor is it an invitation to provide new evidence – not that such evidence could be considered, as the Court is confined to the "four corners of the affidavit" in the instant analysis.[1] As the magistrate judge pointed out, if Defendant wished to raise an argument other than staleness, he should have done so prior to the November 20, 2012 motion deadline.[2]

After review of the Motion to Suppress, the Court rejects Defendant's sweeping argument that, while the Motion to Suppress "dealt with the staleness of the information," the "thrust" of his argument was that the affidavit failed to set forth facts sufficient to establish probable cause. A fair reading of the Motion to Suppress reveals no such argument.

Likewise, the Court rejects Defendant's objection to the Magistrate Judge's "finding" that Defendant requested images of a minor engaged in sex acts. The Magistrate Judge made no such finding. Rather, he determined that the affidavit on which the warrant was based alleged that Defendant requested pictures of a minor involved in sex acts. (*See* Doc. 22 at 1-2) ("In support of his application for a search warrant, Det. Creel submitted his affidavit which alleged, *inter alia*, the following: . . . Defendant requested in these messages that the child perform sexual acts and send nude photos via e-mail."). This is meaningful difference, as the inquiry at this stage is not

---

[1] Indeed, the Magistrate Judge pointed this out to Defendant, noting that "if defendant is permitted to a file a second motion to suppress, his motion should be clear as to the basis for suppression" and specifically inviting Defendant's attention to *Franks v. Delaware*, 438 U.S. 154 (1978) (noting that there is a presumption of validity to an affidavit supporting a warrant and that to mandate an evidentiary hearing, a defendant must offer proof of deliberate falsehood or reckless disregard for the truth) and *United States v. Graham*, 275 F.3d 490 (6th Cir. 2001) (holding the same and noting that such an evidentiary hearing is merited only in rare circumstances).

[2] Again, Magistrate Judge Carter specifically advised Defendant that if he "intends to file a second motion to suppress raising the same grounds for suppression that he did in his supplement / reply brief on January 31, 2013, defendant should first file a motion for extension of the motion deadline and be prepared to explain why he could not raise those grounds until more than two months after the November 20, 2012 deadline."

5

whether Defendant did, in fact, request child pornography; rather, it is whether the affidavit establishes the fair probability that evidence of such illegal activity would be found. *Brooks*, 594 F.3d at 492. The Court concurs with Magistrate Judge Carter: the contents of the affidavit demonstrate a fair probability that digital child pornography would be found in Defendant's possession.

In short, upon its *de novo* review, the Court reaches the same conclusion reached by Magistrate Judge Carter. The information in the affidavit supporting the search warrant was not too stale to support a finding of probable cause. To the extent Defendant identified other arguments in a supplement, those arguments were improvidently raised, and they should not be considered. Consequently, the Court will overrule Defendant's objections and **ADOPT** and **ACCEPT** Magistrate Judge Carter's R&R.

## III. CONCLUSION

For the reasons explained above: (1) Defendant's Objections (Doc. 23) to the R&R are **OVERRULED**; (2) Magistrate Judge Carter's R&R (Doc. 22) is **ACCEPTED and ADOPTED**; and (3) Defendant's Motion to Suppress (Doc. 17) is **DENIED**.

**SO ORDERED** this 11th day of April, 2013.

            */s/ Harry S. Mattice, Jr.*
            HARRY S. MATTICE, JR.
            UNITED STATES DISTRICT JUDGE