UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | Case No. 1:12-cr-92 |
| v. | ) | |
| | ) | Judge Mattice |
| RANDY PARKS SWEENEY, | ) | Magistrate Judge Carter |
| | ) | |
| *Defendant.* | ) | |
| | ) | |

## ORDER

On March 10, 2014, United States Magistrate Judge William B. Carter filed his Report and Recommendation (Doc. 54) pursuant to 28 U.S.C. § 636(b)(1). In his Report and Recommendation, Magistrate Judge Carter recommended that Defendant's Motion to Suppress (Doc. 44) be denied. On March 20, 2014, Defendant filed timely objections to the Report and Recommendation. (Doc. 55).

The Court has now reviewed the entire record relevant to the instant objections, and for the reasons described below, the Court will **ACCEPT and ADOPT** Magistrate Judge Carter's Report and Recommendation and will **DENY** Defendant's Motion to Suppress.

I.   **BACKGROUND**

Magistrate Judge Carter accurately summarized the pertinent facts in his Report and Recommendation as follows:

> On February 8, 2012, Detective Josh Creel of the East Ridge, Tennessee Police Department obtained a search warrant from a General Sessions Judge of Hamilton County, Tennessee to search defendant's residence in East Ridge for electronic forms of child pornography. In support of his application for a search warrant, Det. Creel submitted his affidavit which expressly relied on a December 27, 2011, incident report

prepared by Det. Tammy Davis of the Fort Oglethorpe, Georgia Police Department (the Incident Report). The Incident Report, as noted by Det. Creel's affidavit, provided the following information: (1) defendant exchanged sexually explicit messages with a 13 year old girl on Facebook, (2) defendant had met the girl in person a short time before he began communicating with her on Facebook, (3) defendant requested in these messages that the child perform sexual acts and send nude photos of the child to him via email, (4) these messages were preserved on a flash drive by Det. Davis as evidence, (5) the Facebook account responsible for sending such messages had a user name of Randy Sweeney, (6) a photograph of Randy Sweeney on this same Facebook account matches the driver's license photo of the defendant.

On February 7, 2012, Detective Tammy Davis "filed for an arrest warrant for the person of Randy P. Sweeney in Catoosa County, GA for one count of Computer Pornography as defined by OCGA 16-12-100, a violation of Georgia State Law." (Creel Aff. Page ID # 166). Det. Creel further states in his affidavit that,

> My training and experience, as well as the current literature substantiates that information collected via computer transaction, even if deleted by the individual user, usually remains stored in some manner on that computer. This same experience, training and literature substantiates that individuals collecting and/or exchanging this type of information, whether it be digital images or other pornographic materials, tend to retain this information for long periods of time, treating these items much like other collectibles.

(Det. Creel's Affidavit at &7, Doc. 19-1, Page ID # 51).

In addition to child pornography, the affidavit detailed other types of evidence sought in various electronic forms including "E-Mail, Immediate Messages, Text Messages, and photographic messages or other communications sent, received or retained or used in violation of O.C.G.A., 16-12-100, 16-6-4 and/or 16-6-5." (Creel Aff. at p. 2, &7, Page ID # 12).

Fort Oglethorpe Det. Tammy Davis' Incident Report dated December 29, 2011, which was referenced in Det. Creel's search warrant affidavit, specifically states that "although the offender [defendant] requested photographs of [the victim, she] did not provide them to him." (Davis Report, Page ID # 171). This information, i.e., that the victim did not send photographs to the defendant, was not included in Creel's search warrant affidavit.

2

The search warrant was executed on February 8, 2012, the same date it was issued, and numerous items were seized including firearms and ammunition, cell phones, electronic media storage, and computers.

. . .

[Magistrate Judge Carter] held an evidentiary hearing on February 25, 2014 to address the question of whether defendant's arrest on February 8, 2012, met constitutional muster and, if not, whether his subsequent statements should be suppressed. As previously mentioned, prior to the search warrant being issued, Det. Tammy Davis of the Fort Oglethorpe Police Department obtained an arrest warrant from the Catoosa County, Georgia magistrate judge. The affidavit used to obtain the warrant was typed on the same page as the arrest warrant and prepared by the Catoosa County magistrate. The affidavit itself is about a half a page in length, including the signature line (hereinafter referred to as "the Arrest Warrant Affidavit"), and it states that Det. Davis believed defendant committed the offense of computer pornography

> in said County between the hours of 12 AM and 11:59 PM, on the 29th day of December,2011. The place of occurrence of said offense being ...... ROSSVILLE, GA 30741 (CATOOSA COUNTY) and against the Laws of the State of Georgia. Said offense being described as
>
> [Count 1] 16-12-100.2(c)(2) – COMPUTER PORNOGRAPHY DID INTENTIONALLY AND WILLFULLY UTILIZE A COMPUTER (TO ATTEMPT TO) SEDUCE/SOLICIT/LURE/OR ENTICE A (CHILD/ANOTHER PERSON BELIEVED BY THE DEFENDANT TO BE A CHILD) TO COMMIT AN ACT OF CHILD MOLESTATION.
>
> (Davis Aff., Doc. 44-4, Page ID # 154).1

It is uncontested that if the half page Arrest Warrant Affidavit was the only information the magistrate was supplied for the issuance of the defendant's arrest warrant, then the warrant was unsupported by probable cause. However, the evidence at the February 25, 2014 hearing indicated the Catoosa County magistrate also relied upon Det. Davis' Incident Report when he issued the arrest warrant.

Det. Davis testified in the February 25, 2014, evidentiary hearing that the accepted practice, one she has used many times, in Catoosa County, Georgia to obtain a warrant is to fax a copy of an incident report which contains the details of the suspected crime to the magistrate who

3

then attaches it to the warrant affidavit; the magistrate then has the officer swear to the truth of the affidavit and the attached incident report. Det. Davis testified she followed this same practice to obtain the arrest warrant for defendant: before she went to the magistrate's office to obtain the arrest warrant, she faxed to the magistrate a complete copy of her Incident Report. She then went to the magistrate's office where the magistrate asked her to swear, under oath, that the information she had provided to the magistrate was true. After she made such an oath, the magistrate signed and gave her the arrest warrant for defendant. Det. Davis further testified that while she did not examine the papers the magistrate was holding when he asked her to swear to the truth of the information she had provided him, based on prior practice, she believed and still believes that the papers he was holding included her Incident Report.

(Doc. 54 at 2-5).

## II. ANALYSIS

Defendant has specifically objected to: 1) Magistrate Judge Carter's finding that, while Defendant made a preliminary showing regarding the omission in Detective Creel's affidavit, he was not entitled to a *Franks* hearing because there was probable cause sufficient to believe that Defendant possessed pornography regarding another unidentified child; 2) Magistrate Judge Carter's reliance on the testimony of Detective Davis claiming that the state magistrate had read the Incident Report and that it was "typical" for the magistrate to have the Incident Report when issuing an arrest warrant. (Doc. 55 at 3, 7). The Court will address each argument in turn.

When reviewing objections to a Report and Recommendation, the Court must conduct a *de novo* review of those portions of the Report and Recommendation to which objection is made, and it may accept, reject, or modify, in whole or in part, the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1)(C).

Defendant's first argument relates to whether he should be granted a *Franks* hearing because Det. Creel omitted facts in his affidavit when securing the search

4

warrant. *See Franks v. Delaware*, 438 U.S. 154, 171 (1978). *Franks* established the procedure by which a defendant could seek the suppression of evidence by challenging the veracity of statements made by an affiant in order to secure a search warrant. "Counsel can attack the validity of a search warrant by alleging that the affidavit contains deliberately false statements." *United States v. Hill*, 142 F.3d 305, 309 (6th Cir.), *cert. denied*, 525 U.S. 898 (1998) (citing *Franks v. Delaware*, 438 U.S. 154, 171 (1978). Under *Franks*, counsel can attack a search warrant at an evidentiary hearing during which defendants are allowed to present evidence concerning the veracity of the challenged statements in the search warrant affidavit. *See United States v. Jenkins*, 728 F.2d 396, 397 (6th Cir. 1984). "In the event that at that hearing the allegation of perjury or reckless disregard is established by the defendant by a preponderance of the evidence, and, with the affidavit's false material set to one side, the affidavit's remaining content is insufficient to establish probable cause, the search warrant must be voided and the fruits of the search excluded to the same extent as if probable cause was lacking on the face of the affidavit." *Franks,* 438 U.S. at 156.

*Franks* has also been extended to permit a defendant to seek suppression of evidence when an affiant has made material omissions in his affidavit. *United States v. Fowler*, 535 F.3d 408, 415 (6th Cir. 2008). However, to obtain a *Franks* hearing on the basis of a material omission, there is a "higher bar" because of "the 'potential for endless rounds of *Franks* hearings' due to potentially 'endless conjecture about investigative leads, fragments of information, or other matter that might, if included, have redounded to defendant's benefit.'" *Id.* at 415-16 (quoting *United States v. Martin*, 920 F.2d 393, 398 (6th Cir.1990)). In order to be entitled to such a hearing, the

defendant must meet a two-pronged test. First, the defendant must make a "substantial preliminary showing that the affiant engaged in deliberate falsehood or reckless disregard for the truth in omitting information from the affidavit." *Id.* at 416. If the defendant establishes the substantial preliminary showing, the court must then find that "a finding of probable cause would not be supported by the affidavit if the omitted material were considered to be a part of it." *Id.*

In his Report and Recommendation, Magistrate Judge Carter concluded that Defendant made a preliminary showing that Det. Creel knew that the victim had not sent photographs to the Defendant and failed to include that information in his affidavit. (Doc. 54 at 8). The Court agrees with Magistrate Judge Carter that this meets the first prong of the test set forth above. Thus, the sole issue lies in whether, if the omission had been included in the affidavit, it would have negated probable cause.

In reviewing a state magistrate's decision to issue a warrant, the Court must accord the magistrate's determination "great deference." *United States v. Allen*, 211 F.3d 970, 973 (6th Cir. 2000). "When determining whether an affidavit established probable cause, [the Court] look[s] only to the four corners of the affidavit; information known to the officer but not conveyed to the magistrate is irrelevant." *United States v. Brooks*, 594 F.3d 488, 492 (2010). To establish probable cause adequate to justify issuance of a search warrant, the governmental entity or agent seeking the warrant must submit to the magistrate an affidavit that establishes "a fair probability that contraband or evidence of a crime will be found in a particular place." *Id.* (quotation omitted). Whether the affidavit does, in fact, give rise to this fair probability depends "on the totality of the circumstances." *Id.* (quotation omitted). Probable cause is a "practical,

6

non-technical conception that deals with the factual and practical considerations of everyday life." *Id.* (quotation omitted).

Defendant objects to Magistrate Judge Carter's finding that the affidavit was sufficient because it "would lead a magistrate to conclude there was a *fair probability* that evidence of child pornography involving *a child other than the victim in this case* would be found on defendant's computer." (Doc. 54 at 10) (emphasis in original). However, even if the Court were to find the affidavit insufficient on this basis, as Magistrate Judge Carter states in his Report and Recommendation, there is an independent basis for probable cause involving a crime other than child pornography. (*Id.*). Specifically, Ga. Code Ann. § 16-6-5(a) provides that it is a crime to entice a child for indecent purposes. Given the facts set forth in Det. Creel's affidavit, the Court finds that the affidavit was sufficient to establish probable cause for the crime set forth in Ga. Code Ann. § 16-6-5(a). Thus, considering that there is an independent basis for probable cause for another crime, the Court finds that the omission of the fact that actual photos were not submitted to the Defendant does not negate probable cause to issue the search warrant and will **OVERRULE** Defendant's objection.

Defendant's remaining objections relate to Det. Davis' testimony and the arrest warrant issued by the state magistrate. Specifically, Defendant argues that Magistrate Judge Carter erred in "relying upon an assumption that the magistrate had actually reviewed [Det. Davis'] investigation report" and relying on Det. Davis' testimony that "it was typical to have the Incident Report in hand when issuing the warrant." (Doc. 55 at 7).

Defendant first argues that, because Magistrate Judge Carter sustained an objection at the suppression hearing to any testimony regarding whether the Incident Report was actually read by the magistrate, there can be no finding "relying on an assumption that the magistrate had actually reviewed the Incident Report." (*Id.*). The Court agrees that, at the hearing where Magistrate Judge Carter considered Det. Davis' testimony, Magistrate Judge Carter did not permit her to testify as to whether the state magistrate had read the Incident Report because Det. Davis did not have actual knowledge of this fact and could not testify to this issue without speculation. *See* Doc. 57 at 37. To permit Det. Davis to testify as to a subject that she did not have first-hand knowledge of would have been inadmissible in this instance, and thus Magistrate Judge Carter sustained the objection. *See* Fed. R. Evid. 701(a). However, Det. Davis was permitted to testify as to the common practices and procedures taken by the Fort Oglethorpe police officers when obtaining an arrest warrant, as well as her first-hand knowledge of what occurred when she went to the state magistrate to obtain the arrest warrant. *See* Doc. 57 at 36-37. Magistrate Judge Carter considered Det. Davis' testimony, excluded any evidence that may have been the result of speculation, and ultimately found that the evidence supported a finding that the Incident Report was considered by the state magistrate. Given the "great deference" given to the state magistrate's determination of probable cause, the Court agrees with Magistrate Judge Carter's finding and will **OVERRULE** Defendant's objection. *See Illinois v. Gates,* 462 U.S. 213, 236 (1983) ("A magistrate's determination of probable cause should be paid great deference by reviewing courts") (internal quotations omitted).

Defendant's second objection regarding the arrest warrant, that Magistrate Judge Carter should not have relied on a presumption of "what likely occurred," is similarly lacking in merit. Magistrate Judge Carter, after hearing Det. Davis' testimony, concluded that the affidavit and Incident Report set forth probable cause sufficient to believe that Defendant had committed a crime in Georgia. Although Defendant implies that this conclusion was the result of speculation, as discussed above, Magistrate Judge Carter arrived at this conclusion after listening to Det. Davis' testimony, evaluating her credibility, and considering the procedures taken by both Det. Davis and the state magistrate regarding this arrest warrant. It has long been the practice of our judicial system to leave credibility determinations to the fact finder best equipped to make those determinations. *See Anderson v. City of Bessemer City, N.C.,* 470 U.S. 564, 565 (1985); *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 394 (1948) ("The practice in equity prior to the present Rules of Civil Procedure was that the findings of the trial court, when dependent upon oral testimony where the candor and credibility of the witnesses would best be judged, had great weight with the appellate court"). Given the procedures taken by the state magistrate and the determinative nature of Det. Davis' testimony, the Court sees no reason to disturb Magistrate Judge Carter's finding regarding probable cause for Defendant's arrest warrant, and Defendant's objection will be **OVERRULED**.[1] Based on this ruling, the Court declines to address Magistrate Judge Carter's discussion of a subsequent basis for Defendant's arrest for possessing a firearm.

---

[1] Even if the Court were to conclude that the affidavit was insufficient to establish probable cause, the Court is bound by the limitations of the suppression remedy set forth in the United States Supreme Court case *U.S. v. Leon*. 468 U.S. 897 at 917-18 (holding that "suppression of evidence obtained pursuant to a warrant should be ordered only on a case-by-case basis and only in those unusual cases in which exclusion will further the purposes of the exclusionary rule" and explaining that the threat of exclusion of evidence would not deter a state magistrate because he has "no stake in the outcome of particular criminal prosecutions." Therefore, while the procedures taken by the state magistrate were certainly not best

Accordingly, the Court **ACCEPTS and ADOPTS** Magistrate Judge Carter's findings of fact, conclusions of law, and recommendations as set forth above pursuant to § 636(b)(1); Defendant's Objections (Doc. 55) are **OVERRULED**; and Defendant's Motion to Suppress (Doc. 44) is **DENIED.**

**SO ORDERED** this 10th day of June, 2014.

　　　　　　　　　　　　　　　　　　　　*/s/ Harry S. Mattice, Jr.*
　　　　　　　　　　　　　　　　　　　　HARRY S. MATTICE, JR.
　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

---

practices, as there was no misconduct on the part of Det. Davis, exclusion would be an inappropriate remedy given these circumstances.